UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GOLF TAILOR, LLC, | No. |
| Plaintiff, | COMPLAINT |
| vs. | JURY DEMAND |
| GOLFBESTBUY INC.; KINGSTAR CORPORATION, a/k/a DONGGUAN CITY HUANDA SPORTS EQUIPMENT CO. LTD.; and JONATHAN H. WANG, a/k/a WANG BENHUAN, and JANE DOE WANG, and the marital community composed therein, | |
| Defendants. | |

Golf Tailor, LLC ("Golf Tailor"), alleges for its Complaint against GolfBestBuy Inc. ("GolfBestBuy"); Kingstar Corporation, a/k/a Dongguan City Huanda Sports Equipment Co. Ltd. ("Kingstar"); and Jonathan H. Wang, a/k/a Wang Benhuan ("Mr. Wang"), and Jane Doe Wang, husband and wife, and the marital community composed therein (collectively, "Defendants"), as follows:

**NATURE OF CASE**

1.      This is a counterfeiting case.  Golf Tailor designs and sells popular golf clubs, which at one time were manufactured by a Kingstar a factory in China.  Kingstar, which is owned and controlled by Mr. Wang, secretly made unauthorized replicas of Golf Tailor's clubs and sold

COMPLAINT -- 1

**ATKINS IP**
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983/Fax: (206) 299-3701

them at cut rates to unsuspecting consumers on Amazon, eBay, and elsewhere through GolfBestBuy, another company Mr. Wang owns and controls. The fake clubs contain Golf Tailor's well-known trademarks, are sold as authentic Golf Tailor clubs, and compete with authentic Golf Tailor clubs. Defendants' counterfeiting deceives consumers, diverts profits meant for Golf Tailor, and deprives Golf Tailor of the ability to control its reputation. These intentionally wrongful acts have harmed and will continue to harm Golf Tailor and the consuming public until the Court intervenes.

## **PARTIES**

2.   Plaintiff Golf Tailor is an Oklahoma limited liability company with its principal place of business located in Edmond, Oklahoma. It is in the business of designing and selling golf equipment.

3.   Defendant GolfBestBuy is a California corporation with its principal place of business located in Hayward, California. It is in the business of selling golf equipment.

4.   Defendant Kingstar is a Chinese corporation with its principal place of business located in Guangdong Province, China. It operates a factory that, among other things, makes golf equipment.

5.   Defendants Wang are married persons residing in Fremont, California. On information and belief, Mr. Wang is the founder, president, and owner of both GolfBestBuy and Kingstar. Golf Tailor believes that Mr. Wang personally directed, caused, or otherwise participated in Kingstar's and GolfBestBuy's wrongful acts described below, including the decision to have Kingstar secretly make the unauthorized copies of Golf Tailor's golf clubs; the decision to have GolfBestBuy pass off those clubs as authentic Golf Tailor clubs, which Mr. Wang knew copied Golf Tailor's trademarks and original designs without Golf Tailor's knowledge or approval; and the decision to have GolfBestBuy copy and display Golf Tailor's original photographs without Golf Tailor's knowledge or approval. All acts alleged herein were

undertaken for the benefit of Mr. Wang's marital community.

6. The acts alleged herein were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged, and are actions for which each defendant is liable. Each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, each was acting within the course and scope of such agency and with the permission and consent of the other Defendants.

## **JURISDICTION, AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338, 15 U.S.C. § 1121, and supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1367(a). The Court has personal jurisdiction over Defendants because they entered into contracts with persons residing in the State of Washington and this District, knowingly manufactured, marketed, shipped, and sold counterfeit goods to consumers residing in the State of Washington and this District, and otherwise committed torts within the State of Washington and this District. On information and belief, by selling the subject goods on Amazon's website, Mr. Wang and GolfBestBuy also agreed to Amazon's "Participation Agreement," which requires sellers to agree to resolve disputes in the State of Washington, and to have Washington law govern any such action. On information and belief, Mr. Wang and GolfBestBuy further consented to suit in the federal courts in "King County, Washington to enjoin infringement or other misuse of intellectual property rights." For these reasons, Defendants purposefully availed themselves of this forum.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Golf Tailor's claims occurred in this District. As stated above, on information and belief, GolfBestBuy further agreed to resolve disputes arising out of its sales of

COMPLAINT -- 3

the subject goods on Amazon's website in this District.  Venue is also proper under 28 U.S.C. § 1391(c)(3), because Kingstar is not a resident of the United States.

## FACTUAL ALLEGATIONS

**A.  Golf Tailor's XE1 Clubs and XE1 Trademarks**

9.  In 2015, Golf Tailor introduced a new line of golf clubs called the "XE1" or "XE1 Wedge" pitching wedges, which are designed to enable users to make more accurate "short" shots during a golf game from sand traps or as they approach a hole (the "XE1 Clubs").

10.  Golf Tailor prominently displays its XE1, XE1 WEDGE, and stylized "Arc" trademarks (collectively, the "XE1 Trademarks") on its clubs, on product packaging, and in advertising.  An example of Golf Tailor's use of its trademarks is depicted below:



11.  On March 3, 2016, Golf Tailor applied to register its XE1 trademark (Serial No. 86928226) with the U.S. Patent and Trademark Office (PTO) in International Class 028 for "golf clubs."

12.  On May 28, 2016, Golf Tailor applied to register its "Arc" trademark (Serial No. 87053447) with the PTO in International Class 028 for "golf clubs."  Its "Arc" trademark is

COMPLAINT -- 4

depicted below:

XE1 WEDGE.

13.     Golf Tailor has invested substantial resources into advertising and promoting its XE1 Clubs and XE1 Trademarks, and its XE1 Clubs have achieved widespread consumer recognition.  Its XE1 Clubs have also received favorable reviews in the golf press and acquired an excellent reputation among both amateur and professional golfers.

**B.     Defendants' Manufacture and Sale of Counterfeit XE1 Clubs, and Unauthorized Use of Golf Tailor's Photographs**

14.     Golf Tailor engaged Kingstar to manufacture XE1 Clubs to Golf Tailor's specifications.  Per the parties' agreement, Golf Tailor paid Kingstar a per-unit price for each completed order, and Kingstar sent finished clubs to Golf Tailor for quality control inspection and for sale to end user consumers.  Golf Tailor and Kingstar operated under this arrangement for approximately one year, until King Star failed to meet Golf Tailor's production demands and Golf Tailor moved production to another factory.

15.     At some point, Kingstar began secretly manufacturing clubs that were functionally identical to Golf Tailor's XE1 Clubs, and contained Golf Tailor's exact XE1 Trademarks, but were made without Golf Tailor's quality control or approval (the "Counterfeit Clubs").

16.     Kingstar sold or otherwise distributed the Counterfeit Clubs to GolfBestBuy, another company that Mr. Wang controlled.

17.     GolfBestBuy then advertised, marketed, and sold the Counterfeit Clubs to unsuspecting consumers on Amazon, eBay, and other platforms as authentic XE1 Clubs, in direct competition with authentic XE1 Clubs.  Examples of GolfBestBuy's pages offering the Counterfeit Clubs for sale on Amazon and eBay are set forth below:

Amazon Sales Page



eBay Sales Page



Both of GolfBestBuy's sales pages describe the Counterfeit Clubs as being new "XE1" wedges and display photographs showing Golf Tailor's XE1 Trademarks affixed to the Counterfeit Clubs in the same manner they are affixed to authentic clubs.

18. To maximize consumer confusion, GolfBestBuy's sales pages even include photographs that copy Golf Tailor's original photographs, which GolfBestBuy used without Golf Tailor's permission. A sampling of the photographs, which are subject to Golf Tailor's application for copyright registration with the U.S. Copyright Office (Case #1-3862449331), is set forth below:



Original Golf Tailor Photo	Copied GolfBestBuy Photo



Original Golf Tailor Photo	Copied GolfBestBuy Photo



Original Golf Tailor Photo	Copied GolfBestBuy Photo

(Golf Tailor's original, copyrighted, photographs and associated images are collectively referred to herein as the "XE1 Photographs.")

19. GolfBestBuy markets its Counterfeit Clubs to the same class of consumers to which Golf Tailor markets its authentic clubs, and typically offers them for sale at prices below

COMPLAINT -- 7

ATKINS IP
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983/Fax: (206) 299-3701

what Golf Tailor charges. Indeed, the steep discounts GolfBestBuy widely offered eventually forced Golf Tailor to reduce the prices it charged for authentic clubs in an effort to compete with the Counterfeit Clubs.

20. Golf Tailor purchased a number of Counterfeit Clubs from GolfBestBuy. Upon examination, it determined that the Counterfeit Clubs were, indeed, counterfeit.

21. Golf Tailor repeatedly demanded that GolfBestBuy and Mr. Wang stop selling the Counterfeit Clubs. GolfBestBuy and Mr. Wang ignored Golf Tailor's demands, and their counterfeiting continues today.

## CAUSES OF ACTION

### Claim One: Unfair Competition and False Designation of Origin
### (15 U.S.C. § 1125(a))

22. Golf Tailor re-alleges the allegations set forth above.

23. Golf Tailor has valid and superior common law rights in its XE1 Trademarks.

24. Kingstar's and GolfBestBuy's manufacturing, advertising, marketing, offering for sale, and selling golf clubs with the identical design of Golf Tailor's XE1 Clubs, branded with Golf Tailor's identical XE1 Trademarks, is likely to cause confusion with Golf Tailor's XE1 Trademarks, or to cause mistake with same, or to deceive consumers into believing that some affiliation or connection exists between Defendants and Golf Tailor. Accordingly, Defendants' manufacturing, advertising, marketing, offering for sale, and sale of the Counterfeit Clubs infringes the common law rights Golf Tailor has in its XE1 Trademarks in violation of 15 U.S.C. § 1125(a).

25. Golf Tailor will continue to be damaged by Defendants' intentionally wrongful acts unless the Court enjoins same. Golf Tailor has no adequate remedy at law for Defendants' willfully continuing to violate its rights.

26. Defendants' intentional infringement of Golf Tailor's XE1 Trademarks also has damaged and will continue to damage Golf Tailor in an amount to be established at trial,

including but not limited to its actual damages and Defendants' wrongful profits.

**Claim Two: Copyright Infringement**
**(17 U.S.C. §§ 101, *et seq*.)**

27. Golf Tailor re-alleges the allegations set forth above.

28. Golf Tailor owns all rights in the XE1 Photographs.

29. Golf Tailor's XE1 Photographs are subject to Golf Tailor's application for copyright registration with the U.S. Copyright Office.

30. Golf Tailor's copyrights in the XE1 Photographs are valid and enforceable.

31. GolfBestBuy and Mr. Wang willfully infringed Golf Tailor's copyrights by displaying, reproducing, preparing derivative works, and distributing copies of the XE1 Photographs without Golf Tailor's permission.

32. Golf Tailor has been and will continue to be damaged by GolfBestBuy's and Mr. Wang's copyright infringements in a manner that cannot be measured or compensated in economic terms. Such irreparable harm will continue unless GolfBestBuy's and Mr. Wang's infringement is restrained or enjoined under 17 U.S.C. § 502.

33. GolfBestBuy's and Mr. Wang's intentional infringement of the XE1 Photographs also has damaged and will continue to damage Golf Tailor in an amount to be established at trial, including but not limited to its actual damages and GolfBestBuy's and Mr. Wang's wrongful profits.

**Claim Three: Unfair Competition Under Washington Law**
**(RCW 19.86)**

34. Golf Tailor re-alleges the allegations set forth above.

35. Defendants' manufacturing, advertising, marketing, offering for sale, and selling the Counterfeit Clubs falsely containing Golf Tailor's XE1 Trademarks constitutes a deceptive and unfair method of competition and an unfair trade practice, which is damaging to the public interest in violation of the Washington Consumer Protection/Unfair Business Practices Act,

RCW 19.86.010, *et seq*.

36. Defendants' manufacturing, advertising, marketing, offering for sale, and selling the golf clubs described above and falsely containing Golf Tailor's XE1 Trademarks in Washington has the capacity to deceive a substantial portion of the public.

37. Defendants' manufacturing, advertising, marketing, offering for sale, and selling the Counterfeit Clubs falsely containing Golf Tailor's XE1 Trademarks in Washington is in the course of conducting business in Washington. Defendants' deceptive practices and infringement of Golf Tailor's XE1 Trademarks injure the public interest.

38. Defendants' deceptive practices and infringement of Golf Tailor's XE1 Trademarks also injure Golf Tailor's business, including the loss of sales, recognition, customers, and goodwill.

39. Golf Tailor is entitled to an injunction restraining Defendants' unfair competition, actual damages in an amount to be proven at trial, exemplary damages, and an award of its reasonable attorney's fees and costs.

## JURY DEMAND

40. Golf Tailor respectfully demands a trial by jury on all claims stated herein.

## PRAYER FOR RELIEF

WHEREFORE, Golf Tailor respectfully requests judgment against Defendants as follows:

1. For temporary, preliminary, and permanent injunctions restraining and enjoining Defendants, and all others in active concert or participation with them, from:

    a. manufacturing, using, advertising, offering for sale, and selling golf clubs or any other golf equipment in connection with any of Golf Tailor's XE1 Trademarks (namely,

1  its XE1 trademark, XE1 WEDGE trademark, and "Arc" trademark[1]), or any other name or
2  trademark that is likely to cause confusion with same, within the United States (and specifically
3  including, but not limited to, display on platforms operated by Amazon and eBay), or from
4  importing any such goods into United States commerce; and from committing any other unfair
5  business practices directed towards obtaining for itself the business and customers of Golf Tailor;

6  b.  displaying, reproducing, preparing derivative works, and distributing
7  copies of Golf Tailor's original photographs, including the XE1 Photographs depicted above; and

8  c.  assisting, aiding, or abetting any other person or business entity in
9  engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above;

10  2.  That the Court enter an Order directing Defendants to file with this Court and
11  serve on Golf Tailor's attorneys within thirty days after service of an injunction, a report in
12  writing, under oath, setting forth in detail the manner and form in which Defendants have
13  complied with the injunction;

14  3.  That the Court award Golf Tailor judgment against Defendants, jointly and
15  severally, for its actual damages, infringer's profits, and exemplary damages in an amount to be
16  determined at trial;

17  4.  That the Court award Golf Tailor its reasonable attorneys' fees and costs; and

18  5.  That the Court award any such other relief as it deems just and proper.

---

[1] For avoidance of doubt, Golf Tailor's "Arc" trademark consists of the following design: XE1 WEDGE.

COMPLAINT -- 11

**ATKINS IP**
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983/Fax: (206) 299-3701

DATED this 2nd day of August, 2016.

                ATKINS INTELLECTUAL PROPERTY, PLLC

                By /s/ Michael G. Atkins
                   Michael G. Atkins
                   WSBA# 26026
                   Atkins Intellectual Property, PLLC
                   113 Cherry Street #18483
                   Seattle, WA 98104-2205
                   Phone: (206) 628-0983
                   E-mail: mike@atkinsip.com

                HARRIS & MOURE, LLP

                By /s/ Daniel P. Harris
                   Daniel P. Harris
                   WSBA# 16778
                   Harris Moure LLP
                   600 Stewart Street, Suite 1200
                   Seattle, WA 98101-1232
                   Phone: (206) 224-5657
                   Email: dan@harrismoure.com

                Attorneys for Golf Tailor, LLC